**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YAHOO AD TECH LLC and YAHOO IP HOLDINGS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AD.COM INTERACTIVE MEDIA, INC. d/b/a ADMEDIA, and DANNY BIBI, an individual,<br><br>Defendants. | Civil Action No.: 1:26−cv−04861−JPO |

**REDACTED MEMORANDUM OF LAW IN SUPPORT OF AD.COM INTERACTIVE MEDIA, INC AND DANNY BIBI'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ i, ii, iii

I. INTRODUCTION ........................................................................ 1

I. FACTUAL BACKGROUND ........................................................................ 3

A. AdMedia Purchased the Domain Names AD.COM and ADVERTISING.COM [redacted] from Yahoo ................ 3

B. The '502 Registration for the Mark ........................................ 4

C. AdMedia's Trademark Applications........................................ 6

II. LEGAL STANDARD........................................................................ 6

III. ARGUMENT........................................................................ 7

A. The Complaint Fails To Plausibly Allege Breach Of The Domain Name Agreement, Count I Of The Complaint ........................................................ 7

1. Defendants Did Not Breach Section 1(f) ............................ 7

2. Yahoo Does Not Plausibly Allege Breach of Section 3(i)(i) ........................................................ 10

3. Yahoo Does Not Plausibly Allege Resulting Damages........................................................ 10

B. Count III Of The Complaint Seeking Refusal, Cancellation, Or Striking Of AdMedia's Trademark Applications, Pursuant To The Lanham Act, Section 37 (15 U.S.C. § 1119) Should Be Dismissed.......................... 12

C. Count II Of The Complaint Should Be Dismissed Because AdMedia's Allegedly Fraudulent Registration Caused No Injury To Yahoo .............................. 14

D. The Court Should Strike Section D of The Complaint ........................................................ 15

IV. CONCLUSION ........................................................................ 16

## TABLE OF AUTHORITIES

**Cases**

*511 W. 232nd Owners Corp. v. Jennifer Realty Co.,*

98 N.Y.2d 144 (2002) .......... 9

*Adidas Am., Inc. v. Thom Browne Inc,.*
599 F. Supp. 3d (S.D.N.Y. 2022) .......... 13

*Ashcroft v. Iqba,l*

556 U.S. 662, 678 (2009) .......... 6

*Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007) .......... 6

*Bisk v. Cooper Square Realty, Inc.,*

115 A.D.3d 419 (N.Y. App. Div. 2014) .......... 7, 9

*Fossil Grp., Inc. v. Angel Seller LLC,*

627 F. Supp. 3d 180, 198 (E.D.N.Y. 2022) .......... 6

*GMA Accessories, Inc. v. Idea Nuova, Inc.,*

157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000) .......... 12, 14

*Groq, Inc. v. Groq Health, Inc.,*

2025 WL 934938, at *6 (S.D.N.Y. Mar. 27, 2025) .......... 12

*Harris v. Seward Park Hous. Corp.,*

79 A.D.3d 425, 426 (N.Y. App. Div.2010) .......... 7

*Havana Club Holding, S.A. v. Galleon*, No. 96 CIV. 9655 (SAS), 1998 WL 150983, at *3

(S.D.N.Y. Mar. 31, 1998) .......... 15

*In re Spiegel, Inc.,*

354 B.R. 51, 56 (Bankr. S.D.N.Y. 2006) .......... 6

*Iqbal*

556 U.S. at 67-79. A .......... 6 , 7

*Kohler Co. v. Bold International FZCO,*

422 F.Supp.3d 681, 739 (E.D.N.Y. 2018).................................................................... 13

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.,*

WL 2807213, at *4 (S.D.N.Y. Sept. 28, 2006) .................................................................. 14

*Mason v. American Tobacco Co.,*

346 F.3d 36, 39 (2d Cir. 2003)........................................................................................ 6

*Piano Wellness LLC, v.. William,s*

126 U.S.P.Q.2d 1739 (T.T.A.B. 2018).............................................................................. 13

*Sabre Oxidation Techs., Inc. v. Superior Plus Corp,.*

255 N.Y.S.3d 746, 753 (N.Y. App. Div. 2026)................................................................ 7

*Somera Cap. Management, LLC v. Somera Road, Inc,.*

2020 WL 2506352, at *1 (S.D.N.Y. May 15, 2020) ......................................................... 13

*Taylor v. Vt. Dep't of Educ.,*

313 F.3d 768, 776 (2d Cir. 2002) ....................................................................................... 6

*Turner v. New York Rosbruch/Harnik,*

84 F. Supp. 3d 161, 166 (E.D.N.Y. 2015)............................................................................ 7

*Williams v. Time Warner Inc.*

440 F. App'x 7, 9 (2d Cir. 2011)........................................................................................ 6

**Statutes**

15 U.S.C § 1058(a)(3).................................................................................... 2, 5, 11

15 U.S.C. §1127................................................................................................ 5, 11

15 U.S.C. § 1120 ..........................................................................................14

Fed. R. Civ. Procedure Rule 12 ................................................................. 1, 6, 15, 16

Fed. R. Civ. Procdure Rule 9(b) ............................................................................ 14

The Lanham Act, Section 37 (15 U.S.C. § 1119)............................................... 12, 13, 16 -

Defendants Ad.com Interactive Media, Inc. ("AdMedia") and Danny Bibi hereby move to dismiss all claims of the Complaint (Doc. No. 1, dated June 9, 2026 ("Compl.")) filed by Plaintiffs Yahoo Ad Tech LLC and Yahoo IP Holdings LLC ("Yahoo") pursuant to Fed. R. Civ. P. Rule 12(b)(6). Additionally, Section D of the Complaint improperly raises impertinent, immaterial, and scandalous matter and should be stricken under Fed. R. Civ. P. Rule 12(f).

## I. INTRODUCTION

In November 2024, Yahoo sold AdMedia the domain names ADVERTISING.COM and AD.COM [redacted]. The parties signed the Domain Name Agreement setting forth the details of the purchase, [redacted]. Yahoo agreed that after [redacted].

Yahoo alleges that in December 2024, AdMedia recorded with the U.S. Trademark Office a fraudulent assignment from Yahoo to AdMedia of U.S. Trademark Registration No. 2,914,052 ("the '052 Registration") for an ADVERTISING.COM logo mark previously assigned to Yahoo. It is important to recognize that without this assignment and AdMedia's renewal of the '052 Registration, this registration would have been cancelled after the December 30, 2024 renewal deadline. Yahoo did not, [redacted] file the statement of *bona fide* use in commerce required to renew the '052 Registration and to avoid cancellation. AdMedia's recordation of the assignment and subsequent renewal kept the '052 Registration alive.

Nearly two years later, in June 2026, Yahoo filed this action alleging that AdMedia breached the Domain Name Agreement by recording the assignment of the '052 Registration and by citing the registration in later filed applications for trademark registrations for ADVERTISING.COM, ADVERT.COM, and ADVERTISE.COM.

Specifically, Count I of the Complaint alleges that AdMedia breached § 1(f) of the agreement. Yahoo misleadingly alleges that AdMedia "sought to acquire Yahoo's trademark rights to the ADVERTISING.COM mark in addition to the Domain Names" and Yahoo rejected that [redacted]

[redacted] AdMedia's alleged acts [redacted] were not a breach [redacted] Moreover, any attempt by Yahoo to retain trademark rights in ADVERTISING.COM would be a beach of the duty of good faith and fair dealing as a reasonable person would understand that in selling AdMedia the ADVERTISING.COM domain name, Yahoo would not interfere with AdMedia's use of the domain name to market and sell its services, including through attempting to retain trademark rights in ADVERTISING.COM. Indeed, the agreement [redacted]

Further, an action for breach of contract requires damages resulting from the breach. Yahoo's Complaint does not, and cannot, plausibly allege that it suffered any damages resulting from Yahoo's loss of the '052 Registration or from AdMedia's filing of additional applications. Yahoo intentionally chose not to renew the '052 Registration by the December 2024 deadline. Given that Yahoo claims to have not reviewed the '052 Registration until June 2026, it would have also missed any grace period to which it could have been entitled. *See* 15 U.S.C § 1058(a)(3). Thus, absent AdMedia's allegedly fraudulent assignment, the registration would have been cancelled. Moreover, any continued use of ADVERTISING.COM by Yahoo after selling the domain name to AdMedia [redacted] or at the very least

a breach of the duty of good faith and fair dealing. Accordingly, Yahoo cannot plausibly allege that it suffered any damages, and Count I should be dismissed.

Count III of the Complaint requests that this Court refuse, cancel, or strike AdMedia's pending trademark applications pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119. However, section 37 authorizes courts to "order the cancelation of **registrations**" and "rectify the register with respect to the **registrations** of any party to the action." 15 U.S.C. § 1119 (emphasis added). "Section 37 is inapplicable to [] pending trademark application[s]." *Groq, Inc. v. Groq Health, Inc.*, No. 1:23-CV-08325-MKV, 2025 WL 934938, at *6 (S.D.N.Y. Mar. 27, 2025)). Accordingly, Count III should be dismissed, at least as to the pending applications.

Count II of the Complaint is a cause of action against AdMedia for alleged fraud on the trademark office under 15 U.S.C. § 1120. However, a cause of action under 15 U.S.C. § 1120 can only be brought by a party that was injured by the alleged fraud. Yahoo cannot plausibly allege that it was injured by the loss of the '052 Registration after failing to renew the registration, which would have resulted in cancellation of the registration. Moreover, [redacted], and Yahoo does not allege that it has used any mark incorporating ADVERTISING.COM since selling the domain to AdMedia in 2024. Accordingly, the complaint fails to state a claim for fraud on the trademark office under 15 U.S.C. § 1120 and Count II of the Complaint should be dismissed.

Because each count fails as a matter of law, the Complaint should be dismissed. Additionally, Section D of the Complaint, which recites certain unrelated and unresolved disputes involving AdMedia, comprises solely impertinent, immaterial, and scandalous matter and should be stricken under Rule 12(f).

## I. FACTUAL BACKGROUND

### A. AdMedia Purchased the Domain Names AD.COM and ADVERTISING.COM for [redacted] From Yahoo

On November 4, 2024, Yahoo entered into the Domain Name Agreement with AdMedia to [redacted]

[redacted] Pursuant to the agreement, AdMedia's initial [redacted] payment was due on November 6, 2024 with four additional payments of [redacted] each due at six-month intervals. Compl. Ex. A at Ex. C. The only remaining payment is the final [redacted] payment due on November 6, 2026. *Id.*

[redacted]

[redacted]

**B. The '052 Registration for the Mark**

Yahoo alleges that it is the owner of the '052 Registration for the mark (the "Advertising.com logo") for the following services: "computer services, namely, providing an interactive on-line computer database in the field of cooperative advertising, marketing, and content serving; dissemination of advertising for others via a global computer network." Compl. ¶ 8. The U.S. Trademark Office issued the registration on December 28, 2004. After multiple assignments, on November 9, 2021, Yahoo recorded an assignment of the registration from Verizon Media, Inc. to Yahoo IP Holdings LLC. See Declaration of Todd S.

Shannin In Support of Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Sharinn Decl.") Ex. 1 at 14.[1]

The '052 Registration was due for renewal in 2024. On December 28, 2023, the Trademark Office issued a Courtesy Reminder to Yahoo. *Id.* at 24. The reminder notified Yahoo of its obligation as "[t]he owner of the trademark registration [to] file a Declaration of Use and/or Excusable Nonuse and an Application for Renewal under Sections 8 and 9 of the Trademark Act (Sections 8 and 9 Declaration) between now and December 30, 2024." *Id.* Satisfying this obligation requires a trademark owner to submit a declaration stating "that the registered mark is in use in commerce" and "that the owner is exercising legitimate control over the use of the mark in commerce." 37 C.F.R. §2.161. "Use in commerce" requires *bona fide* use in the ordinary course of trade, and not made merely to reserve a right in the mark. 37 C.F.R. §2.161(a)(6)(i) (citing 15 U.S.C. §1127).

If no declaration is submitted, the registration is cancelled. 15 U.S.C. §1058(a). Yahoo did not submit this declaration and instead, sold the ADVERTISING.COM domain name to AdMedia on November 4, 2024 shortly before the end of the window for renewal.

Shortly after purchasing the ADVERTISING.COM domain name, on December 13, 2024, AdMedia recorded an assignment of the '052 Registration to AdMedia. Sharinn Decl. Ex. 1 at 14. AdMedia then filed a declaration of continued use and renewal for the '052 Registration, and it was accepted by the U.S. Trademark Office saving the registration from cancellation. Yahoo alleges that it only recently (around the time it filed this lawsuit) learned that this registration had not been cancelled and was assigned to AdMedia. *See* Compl. ¶¶ 5, 29. Yahoo also alleges that the assignment was fraudulent. Compl. ¶ 26.

---

[1] Exhibit 1 is a printout from the U.S. Patent and Trademark Office's ("USPTO") Trademark Status and Document Retrieval ("TSDR") website containing relevant excerpts from the USPTO records for the '052 Registration, accessed and printed on October 16, 2026. On a Motion to Dismiss, "[t]he Court can take judicial notice of the contents of publicly available UPSTO records." *Videri, Inc. v. ONAWHIM (OAW) Inc.,* No. 1:23-CV-2535-GHW, 2024 WL 4027980, at *8 (S.D.N.Y. Sept. 3, 2024) (*citing Hesse v. Godiva Chocolatier, Inc.,* 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020)).

### C. AdMedia's Trademark Applications

Following the '052 Registration's renewal, AdMedia filed U.S. Applications Serial Nos. 98/901,41 and 98/977,637 for ADVERTISING.COM in standard characters. Compl. ¶¶ 35 and 42. AdMedia also filed U.S. Applications Serial Nos. 98933512 and 98977628 for ADVERTISING.NET in standard characters. *Id.* ¶¶ 50-51. Additionally, AdMedia filed U.S. Application Serial No. 98933542 for ADVERT.COM in standard characters. *Id.* ¶ 54. AdMedia further filed U.S. Application Serial No. 99169774 for ADVERTISE.COM in standard characters. *Id.* ¶ 58.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)).

While courts are required to accept "the well-pled allegations in the Complaint as true for a motion to dismiss, '[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.'" *In re Spiegel, Inc.*, 354 B.R. 51, 56 (Bankr. S.D.N.Y. 2006), *aff'd*, 269 F. App'x 56 (2d Cir. 2008) (*quoting Mason v. American Tobacco Co.*, 346 F.3d 36, 39 (2d Cir. 2003)). Accordingly, a complaint does not state a claim for relief where the well-pleaded facts fail to warrant an inference of any more than the mere possibility of liability. *Iqbal*, 556 U.S. at 67-79. A "pleading that merely offers labels and conclusions, a formulaic recitation of the elements, or naked assertions devoid of further factual enhancement, will not survive a motion to dismiss." *Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 198 (E.D.N.Y. 2022)

(internal quotation marks omitted) (*quoting Turner v. New York Rosbruch/Harnik*, 84 F. Supp. 3d 161, 166 (E.D.N.Y. 2015)) and *quoting Iqbal*, 556 U.S. at 678).

## III. ARGUMENT

### A. The Complaint Fails To Plausibly Allege Breach Of The Domain Name Agreement, Count I of the Complaint

Under New York law, a plaintiff asserting a breach of contract claim must establish four elements: (1) the existence of a contract, (2) the plaintiff's performance thereunder, (3) the defendant's breach thereof, and (4) resulting damages. *Harris v. Seward Park Hous. Corp.*, 79 A.D.3d 425, 426 (N.Y. App. Div.2010). "A material breach is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract." *Sabre Oxidation Techs., Inc. v. Superior Plus Corp.*, 255 N.Y.S.3d 746, 753 (N.Y. App. Div. 2026). *See also Bisk v. Cooper Square Realty, Inc.*, 115 A.D.3d 419(N.Y. App. Div. 2014).

Yahoo's complaint fails to plausibly allege a breach and fails to plausibly allege resulting damages. The Complaint alleges that AdMedia breached the parties' agreement for the sale of the AD.COM and ADVERTISING.COM domain names by seeking trademark registrations for the ADVERTISING.COM, ADVERTISING.NET, ADVERT.COM, and ADVERTISE.COM marks and by maintaining the registration for the ADVERTISING.COM logo. Compl. ¶ 76. Specifically, the Complaint alleges that AdMedia breached sections 1(f) and 3(i)(i) of the agreement.

#### 1. Defendants Did Not Breach Section 1(f)

Section 1(f) of the Domain Name Agreement, provides that [redacted]

The Complaint alleges the following acts were breaches of § 1(f):

a. "Using and/or registering, and/or attempting to use and/or register, the Domain name 'advertising.com' as a trademark" (Compl. ¶76(a));

b. "Fabricating the Fraudulent Assignment" (*id.* ¶ 76(b));

c. "Procuring the assignment of the '052 Registration for the mark ADVERTISING.COM" (*id.* ¶ 76(c));

d. "Filing trademark applications with the USPTO for ADVERTISING.COM (Serial No. 98901411) and its child application (Serial No. 98977637)" (*id.* ¶76(d)); and

e. "Citing the fraudulently acquired '052 Registration in proceedings before the USPTO to argue acquired distinctiveness and to support its Petitions to Make Special, all in furtherance of its attempts to register the Domain Names as trademarks in violation of Section 1(f)." (*id.* ¶ 76(e))

None of these alleged acts constitutes a breach of the Domain Name Agreement. Section 1(f) [redacted]

Yahoo's complaint does not allege that AdMedia has missed any payments. [redacted] Accordingly, AdMedia's recorded assignment and renewal of the '052 Registration for the ADVERTISING.COM logo mark, AdMedia's applications for other trademark

registrations for ADVERTISING.COM marks, and AdMedia's citing the '052 Registration in other registrations are not breaches of the agreement. None of these acts has deprived Yahoo of any benefit it expected to receive out of the Domain Name Agreement. *See Bisk,* 115 A.D.3d 419.

Moreover, any attempt by Yahoo to retain trademark rights in ADVERTISING.COM after selling the domain to AdMedia would frustrate the purpose of the parties' agreement and would be contrary to the duty of good faith and fair dealing implied in every contract. *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002). "[T]he duties of good faith and fair dealing do not imply obligations 'inconsistent with other terms of the contractual relationship," but "they do encompass 'any promises which a reasonable person in the position of the promisee would be justified in understanding were included.'" *Id.* (internal quotations omitted) Here, a reasonable person would understand that in selling AdMedia the domain names to use in marketing and selling its services, Yahoo would refrain from taking any action to prevent AdMedia's full use of those domains such as Yahoo attempting to retain rights in trademarks identical to the domains.

Nothing in the Domain Names Agreement is inconsistent with this. [redacted].

Yahoo alleges that "[d]uring negotiations over the Domain Name Agreement, Mr. Bibi, on behalf of AdMedia, sought to acquire Yahoo's trademark rights to the ADVERTISING.COM mark in addition to the Domain Names. Yahoo expressly rejected this request and refused to include trademark rights in the transaction." Compl. ¶ 20. Yahoo further alleges that this resulted in § 1(f) of the agreement. *Id.* However, Yahoo's allegations omit [redacted] Yahoo does not and cannot plausibly allege that any provision of the agreement permanently bars AdMedia from registering or using the domain names as trademarks. Compl. Ex. A § 2(d).

Additionally, AdMedia's applications to register ADVERTISING.NET, ADVERT.COM, and ADVERTISE.COM do not [redacted]

Accordingly, the alleged breach of Section 1(f) of the Domain Name Agreement cannot support a claim for breach of contract.

**2. Yahoo Does Not Plausibly Allege Breach Of Section 3(i)(i)**

Yahoo alleges AdMedia violated Section 3(i)(i) of the Domain Name Agreement based only on AdMedia relying on its acquisition of the '052 Registration to prosecute four trademark applications. Compl. ¶ 76(f). Yahoo alleges this conduct violates Section 3(i)(i) because [redacted]

However, these conclusory allegations fail to put AdMedia on notice of any wrongdoing and thus fail to allege any breach of Section 3(i)(i). The Complaint fails to explain [redacted] Thus, Yahoo has not plausibly alleged a breach of Section 3(i)(i).

**3. Yahoo Does Not Plausibly Allege Resulting Damages**

Yahoo's claim for breach of contract fails for the additional reason that it cannot survive without plausible allegations of resulting damages. The Complaint purports to identify the following damages:

> "As a direct and proximate result of AdMedia's breach, Yahoo has suffered damages, including but not limited to: the loss of the '052 Registration from Yahoo's intellectual property portfolio; costs incurred to investigate the Fraudulent Assignment and AdMedia's related fraudulent and misleading filings with the USPTO in connection with the '052 Registration and the pending applications

discussed herein; costs incurred to prepare and file a corrective assignment with the USPTO; attorneys' fees and costs incurred in connection with this action; and damage to Yahoo's intellectual property rights and goodwill."

All of these alleged damages are based on loss of the '052 Registration for the ADVERTISING.COM logo mark and Yahoo's alleged recent attempts to regain ownership of that registration. Yet, Yahoo ignored the December 30, 2024 deadline to renew the registration, and by its own admission did not review the registration again until June 2026, well after any grace period would have ended. *See* Compl. ¶¶ 5, 29. Yahoo's failure to renew the registration would have resulted in cancellation of the registration. 15 U.S.C. §1058(a), Sharinn Decl. Ex. 1 at 25. .

Indeed, Yahoo could not have renewed the registration because in November 2024, Yahoo sold the ADVERTISING.COM domain to AdMedia, and Yahoo agreed to cease use of ADVERTISING.COM. Indeed, Yahoo intentionally abandoned its trademark rights in the ADVERTISING.COM mark. A mark is abandoned "[w]hen its use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. Yahoo abandoned the advertising.com mark under this definition in two ways.

First, Yahoo abandoned the mark by executing and performing under the Domain Name Agreement. The Domain Name Agreement makes Yahoo's intent clear: Yahoo [redacted]

Second, Yahoo's nonuse and intent not to use ADVERTISING.COM is evidenced by Yahoo's non-action that would have caused the '052 Registration to eventually lapse. If the lapse had been unintentional, it would not have taken until June 2026 for Yahoo to learn that the registration was transferred to AdMedia. *See* Compl. ¶ 30.

Moreover, Yahoo does not allege that it has made any *bona fide* commercial use of the ADVERTISING.COM logo since selling the ADVERTISING.COM domain name to AdMedia in November 2024. The Complaint makes only conclusory allegations that it "is the rightful owner of the '052 Registration." Compl. ¶¶ 25, 91. However, ownership of a trademark registration requires *bona fide* use in the ordinary course of trade, and not made merely to reserve a right in the mark. 37 C.F.R. §2.161(a)(6)(i).

Yahoo's allegations that it was injured by the allegedly fraudulent transfer are not plausible in view of the Domain Name Agreement and Yahoo's intentional abandonment of the '052 Registration. *Id.* ¶ 87. Accordingly, the Complaint does not plausibly allege damages resulting from the alleged breach, and Yahoo has failed to state a claim for breach of the Domain Name Agreement.

### B. Count III Of The Complaint Seeking Refusal, Cancellation, Or Striking Of AdMedia's Trademark Applications, Pursuant To The Lanham Act, Section 37 (15 U.S.C. § 1119) Should Be Dismissed

Count III of the Complaint seeks the refusal/cancellation/striking of AdMedia's trademark applications pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119. But "Section 37 is inapplicable to [] pending trademark application[s]." *Groq, Inc. v. Groq Health, Inc.*, No. 1:23-CV-08325-MKV, 2025 WL 934938, at *6 (S.D.N.Y. Mar. 27, 2025) (*quoting GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000)). Accordingly, Count III should be dismissed at least as to AdMedia's unregistered trademark applications.

Section 1119 provides that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Because of this plain language, New York district courts consistently hold that Section 1119 "'gives district courts authority to cancel registered marks, not pending trademark registrations.'" *Adidas Am., Inc. v. Thom Browne Inc.*, 599 F. Supp. 3d 151, 162-63

(S.D.N.Y. 2022) (*quoting Kohler Co. v. Bold International FZCO*, 422 F.Supp.3d 681, 739 (E.D.N.Y. 2018)), *aff'd* 2024 WL 1953594 (2d Cir. May 3, 2024).

The PTO agrees:

> All of the actions Section 37 authorizes the USPTO to take, upon court order in a case involving a federal registration, concern registrations. The agency may, upon order, effectuate "the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

*Piano Wellness LLC, v.. Williams*, 126 U.S.P.Q.2d 1739 (T.T.A.B. 2018) (collecting cases). As such, the Complaint's request for this Court to refuse, cancel, or strike AdMedia's trademark applications should be dismissed.

The Complaint suggests that its Section 37 claim applies to AdMedia's trademark applications because "[t]his action involves a registered mark, specifically the '052 Registration." Compl. ¶ 90. However, Section 37 authorizes district courts to act only "with respect to ***the registrations*** of any party to the action." 15 U.S.C. ¶ 1119 (emphasis added).

In *Adidas*, a court in this district declined to apply a purported exception that would provide the court justification to cancel trademark applications pursuant to Section 37 if the claim also involved similar trademark registrations. The Court observed that this exception was invoked in an unpublished, never-adopted report and recommendation. *Adidas*, 599 F. Supp. 3d at 163 (*citing Somera Cap. Management, LLC v. Somera Road, Inc.*, No. 19-CV-8291, 2020 WL 2506352, at *1 (S.D.N.Y. May 15, 2020) (report and recommendation)).

In *Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 739 (E.D.N.Y. 2018), the court similarly recognized that "[c]ourts have rejected the argument that a district court can preempt the PTO and cancel a pending trademark application" even though the case involved plaintiff's many trademark registrations.

Thus, it is unambiguous that Section 37 reaches only trademark registrations and not pending applications. Accordingly, this Court should dismiss Count III of the Complaint or at least strike paragraphs 92 and 93 of the Complaint and deny any requested relief involving AdMedia's pending trademark applications.

### C. Count II Of The Complaint Should Be Dismissed Because AdMedia's Allegedly Fraudulent Registration Caused No Injury To Yahoo

Count II of Yahoo's Complaint purports to allege a cause of action for fraudulent registration pursuant to 15 U.S.C. § 1120, but a cause of action under 15 U.S.C. § 1120 can only be brought by someone allegedly "injured" by the fraudulent registration. 15 U.S.C. § 1120. To state a claim for fraud on the Patent and Trademark Office, a plaintiff must allege in part "damage proximately resulting from" the Trademark Office's reliance on a false representation. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-cv-05316 RMB MHD, 2006 WL 2807213, at *4 (S.D.N.Y. Sept. 28, 2006).

Yahoo's Complaint alleges that "AdMedia procured the '052 Registration through false and fraudulent means." Compl. ¶ 81. However, as explained above, Yahoo cannot plausibly allege that it was injured by AdMedia's recordation of an allegedly fraudulent assignment of the '052 Registration for the ADVERTISING.COM logo mark. Yahoo deliberately failed to renew the '052 Registration by the December 2024 deadline after selling the ADVERTISING.COM domain name to AdMedia in November 2024. Moreover, Yahoo was not aware that the '052 Registration had been assigned to AdMedia until about June 2026 when it filed this Complaint. Compl. ¶ 29. Further, any attempt by Yahoo to retain rights in a mark incorporating the ADVERTISING.COM domain name would be a breach of Yahoo's implied duty of good faith and fair dealing in the Domain Name Agreement selling the domain names to AdMedia [redacted].

Moreover, the Complaint's allegation that Yahoo faced injury in the form of attorneys' fees cannot save Count II. In the Second Circuit, "attorneys' fees are ordinarily not recoverable under § 38." *GMA Accessories*, 157 F. Supp. 2d at 243. Fees could be awarded where a registration was fraudulently procured "solely for the purpose of instituting completely vexatious litigation." *Id.* But the Complaint makes no such particularized allegations. Thus, Yahoo's allegations of injury through attorneys' fees does not plausibly plead injury.

Conclusory allegations cannot survive a motion to dismiss, especially in light of Rule 9(b)'s heightened pleading standard for allegations of fraud. *See Havana Club Holding, S.A. v.*

*Galleon*, No. 96 CIV. 9655 (SAS), 1998 WL 150983, at *3 (S.D.N.Y. Mar. 31, 1998) (claimant's "allegations are so sparse, and their apparent theory of how sales were lost so byzantine, that [movants] have not received fair notice of their claim.").

Because the Complaint alleges conduct that was inconsequential to Yahoo's abandonment of the '052 Registration, the Complaint fails to plausibly allege injury to Yahoo. As such, the Count II of the Complaint should be dismissed.

**D. The Court Should Strike Section D Of The Complaint**

AdMedia respectfully requests that this Court strike Paragraphs 64 through 72 of the Complaint ("Section D") because they are immaterial, impertinent, and scandalous. Fed. R. Civ. P. 12(f). These paragraphs cast aspersions on AdMedia's integrity and reputation that are wholly irrelevant to Yahoo's claims. The claims and defenses in this action all concern whether a contract between the parties was breached and whether a trademark registration was wrongfully procured. Yahoo's allegations in Section D however consist of unrelated and often unresolved proceedings and lawsuits to contrive a "History of Fraudulent and Deceptive Conduct," including:

- A 2020 Uniform Domain-Name Dispute-Resolution Policy proceeding unrelated to the domain names at issue here (Compl. ¶¶ 65-67);
- A 2016 arbitration transferring an unrelated domain name from AdMedia to Oracle (*id.* ¶ 68);
- Allegations in a complaint of an ongoing litigation involving AdMedia (*id.* ¶ 69);
- Allegations in a bankruptcy proceeding that was resolved through settlement (*id.* ¶ 70); and
- Allegations in a complaint of a Los Angeles lawsuit involving AdMedia (*id.* ¶ 71);

These allegations have no relevance to whether AdMedia caused confusion with Yahoo's marks or AdMedia's alleged conduct with Yahoo or before the trademark office. The only purpose of these paragraphs is to embarrass and prejudice AdMedia. These allegations, three of which come from AdMedia's opponents in adversarial proceedings, will cause harm to AdMedia's reputation and may cause this case unnecessary notoriety unless these paragraphs are stricken.

Because Section D of the Complaint is irrelevant to the contract and trademark issues in this lawsuit, this Court should strike them pursuant to Rule 12(f).

## IV. CONCLUSION

For the foregoing reasons, AdMedia respectfully requests that the Court grant this motion and dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Count I of the Complaint fails because none of the acts alleged constitutes a material breach, and Yahoo cannot plausibly allege that it was damaged by the alleged breach.

Count III should be dismissed to the extent it asks the Court to refuse, cancel, or strike AdMedia's pending trademark applications, because Section 37 of the Lanham Act, 15 U.S.C. § 1119, reaches only registrations and not applications.

Further, Count II should be dismissed because Yahoo, having abandoned the '052 Registration, cannot plausibly allege that it was "injured" by any fraud on the Patent and Trademark Office. Yahoo would have lost the registration regardless of AdMedia's alleged conduct because Yahoo would have let the registration lapse.

Finally, the Court should strike Paragraphs 64 through 72 of the Complaint under Rule 12(f) as immaterial, impertinent, and scandalous.

Dated: October 16, 2026

By: */s/ Todd S. Sharinn*

Todd S. Sharinn (TS 0581)
Paul D. Sarkozi (PS 8977)
TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, NY 10022
Telephone: (212) 508-66700 x7524
Facsimile: (212) 937-5207
Email: tsharinn@thsh.com
Email: sarkozi@thsh.com

Michael K. Friedland (CA SBN 157217)*
michael.friedland@fciplaw.com

Lauren Keller Katzenellenbogen
(CA SBN 223370)*
Matt Pham (CA SBN 341320)*
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

*Attorneys for Defendants*

**Pro Hac Vice Pending*

**CERTIFICATE OF COMPLIANCE**

I, Todd S. Sharinn, hereby certify that the foregoing Memorandum Of Law In Support Of Ad.Com Interactive Media, Inc And Danny Bibi's Motion To Dismiss The Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) excluding caption, table of contents, table of authorities, signature block, the certificate of service, and this certificate, contains 5,455 words and complies with Rule 7.1(c) of the United States District Court for the Southern and Eastern District of New York, as well as the Individual Rules of Practice in Civil Cases of the Honorable J. Paul Oetken.

Dated: October 16, 2026
New York, New York

By: *_/s/ Todd S. Sharinn_*
Todd S. Sharinn

**CERTIFICATE OF SERVICE**

I, Todd S. Sharinn, hereby certify that on October 27, 2026, I caused a copy of the foregoing Redacted Memorandum Of Law In Support Of Ad.Com Interactive Media, Inc And Danny Bibi's Motion To Dismiss The Complaint Pursuant To Fed. R. Civ. P. 12(B)(6) to be served upon counsel of record via Notice of Electronic Filing generated through CM/ECF system.

Dated: October 27, 2026
New York, New York

By:

*/s/ Todd S. Sharinn*
Todd S. Sharinn